In the Matter of the Claim of ATTILIO A. FARINA et al., Respondents. GENERAL MOTORS CORPORATION, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.

Third Department, March 15, 1973.

*Raichle, Banning, Weiss & Halpern* (*Arnold Weiss* of counsel), for appellant.

*Lipsitz, Green, Fahringer, Roll, Schuller & James* (*Richard Lipsitz* and *Lawrence A. Schulz* of counsel), for Attilio A. Farina and others, respondents.

*Louis J. Lefkowitz, Attorney-General* (*Irving Jorrisch* and *Murray Sylvester* of counsel), for Industrial Commissioner, respondent.

KANE, J. This is an appeal from a decision of the Unemployment Insurance Appeal Board, filed February 2, 1971, which determined that claimant was entitled to unemployment insurance benefits.

The Appeal Board has determined that claimants lost their employment during the 1970 strike by the United Auto Workers against General Motors Corporation *not* as a result of a " strike, lockout, or other industrial controversy *in the establishment* in which [they were] employed." (Labor Law, § 592, subd. 1; emphasis supplied). The particular plant where they were employed was not on strike, but the production was curtailed because of the closing of assembly plants. Appellant contends claimants' lack of employment was a result of its strategic management decision to refuse employment to all employees not producing for their competitors and thus within the suspension provision of subdivision 1 of section 592 of the Labor Law.

There is substantial evidence in the record to support the board's decision. Its finding that the particular plants involved in this proceeding were separate " establishments " within the statutory definition is supported by controlling authority (*Matter of Ferrara* [*Catherwood*], 10 N Y 2d 1, 9). Its failure to find a " lockout or other industrial controversy " as the cause of claimants' lack of employment brings this case squarely within the rules set forth in *Matter of Weis* (*Catherwood*) (28 N Y 2d

267, dsmg. app. from 26 A D 2d 414), which we also find dispositive of the constitutional issue raised by appellant. We find no merit in appellant's contention of an illegal assignment of unemployment insurance benefits by claimants to their local union. The reimbursement statement cannot be construed as an assignment of benefits and is entirely within claimants' right to dispose of their benefits as they choose.

The decision should be affirmed, with costs.

HERLIHY, P. J., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Decision affirmed, with costs.